Raymond **RESNICK**, Plaintiff,

v.

**TOUCHE ROSS & CO.**, Defendant.

Warren **SPACHNER**, Plaintiff,

v.

**TOUCHE ROSS & CO.**, Defendant.

Nos. 76 Civ. 3104, 76 Civ. 3280.

United States District Court, S. D. New York.

April 25, 1979.

Burns & Burns, New York City, for plaintiffs by Spivack & Lasky, Chicago, Ill., of counsel.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant by Arnold I. Roth, James K. Nevling, Jr., Steven A. Asher, Eugene Zemp DuBose, Jr., Arthur Linker, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This action presents another chapter in the "Weis debacle"—the collapse of Weis Securities, Inc. ("Weis") in May of 1973.

Plaintiffs are purchasers of various classes of Weis stock. Their claim arises as security holders, and not as customers of that brokerage firm. Defendant Touche Ross was Weis' auditor at all times relevant to this action.

In 1972 defendant certified several statements relating to the Weis financial condition. In certifying those statements Touche Ross opined that the figures therein contained fairly presented the Weis financial position in accordance with generally accepted auditing practices. Plaintiffs' claim is that the statements so certified by defendant contained several misstatements upon which they relied in purchasing their securities.

Plaintiffs allege in four separate counts: violations of section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), Rule 10b–5 and Section 17(a) of the Securities Act of 1933 ("1933 Act"); violations of Section 18(a) of the 1934 Act; common law negligence and gross negligence; and the aiding and abetting by Touche Ross of securities law violations committed by Weis. Subject matter jurisdiction is predicated upon Section 22 of the 1933 Act, Section 27 of the 1934 Act and pendant jurisdiction.

Defendant moves to dismiss the complaint under Fed.R.Civ.P. 12(b) for failure to state a claim, and for lack of subject matter jurisdiction.

*Scienter and the 10(b) and 17(a) claims:*

■ Defendants argue that plaintiffs' claims under 10(b) and 17(a) should be dismissed because they fail to satisfy the *scienter* standard enunciated by the Supreme Court in *Ernst & Ernst v. Hochfelder* (1976) 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668. Although that decision held that negligent action or inaction was not sufficient to support a 10b–5 claim, in a footnote the Court left open the question of whether recklessness would suffice, *supra* n. 12, at 193. Prior to *Hochfelder*, it was established in this Circuit that the standard of *scienter*

required in an action under Rule 10b–5 was "willful or reckless disregard for the truth." *Lanza v. Drexel* (2d Cir. 1973) 479 F.2d 1277, 1306 n. 98 (en banc). Several recent cases have confirmed that, in the absence of further word from the Supreme Court, reckless conduct will continue to meet the requirements of *scienter* for 10b–5 actions. *Rolf v. Blyth, Eastman, Dillon & Co.* (2d Cir. 1978) 570 F.2d 38; *U. S. v. Chiarella* (2d Cir. 1978) 588 F.2d 1358; *Edwards & Hanley v. Wells Fargo Securities Clearance Corp.* (S.D.N.Y.1978) 458 F.Supp. 1110, 1122–23. Thus, the *scienter* standard we will apply is one of recklessness.

The amended complaint alleges that the statements certified by defendant were "materially false and misleading" in twenty-four specified respects, and that "defendant knew, should have known or was on notice of or recklessly disregarded" facts relating to these misstatements. The amended complaint further alleges that "the defendant obtained actual knowledge of the materially false and misleading entries . . . or, in the alternative conducted its examination and audit with reckless disregard for the truth." Finally, the amended complaint sets forth the circumstances, with respect to each alleged misstatement, that are said to constitute "defendant's knowing and/or reckless conduct."

■ Defendant argues, with some force, that the amended complaint in essence alleges no more than several instances of negligent conduct. However, we cannot say as a matter of law that if plaintiffs prove all their allegations the recklessness standard will not be met. As we thus cannot say as a matter of law that the *scienter* requirement has not been satisfied, plaintiff's claim under Rule 10b–5 must survive this motion to dismiss.[1]

*Sections 17(a) and 18(a) of the 1934 Act*

■ Plaintiffs assert that the recent Second Circuit decision in *Reddington v.*

---

1. Since the wording of Sections 17(a) and 10b–5 are virtually identical we presume that the ambit of liability under both sections is the same and need not decide whether there is an implied right of action under § 17(a). *Globus v. Law Research Service, Inc.* (2d Cir. 1909) 418 F.2d 1276, 1283.

*Touche Ross & Co.* (2d Cir. 1978) Fed.Sec.L. Rep. (CCH) ¶ 96,404, has established a private right of action in their favor under Section 17(a) of the 1934 Act. Plaintiffs' reliance on that case is misplaced. While *Reddington* did allow a private cause of action under Section 17(a), the right of action was only said to run in favor of the *customers* of a brokerage firm. Fed.Sec.L. Rep. (CCH) ¶ 96,404 at 93,433. Implied private rights of action, when found, should be strictly limited to that class of "beneficiaries" whom Congress intended to protect in enacting the section involved. *Piper v. Chris-Craft Industries, Inc.* (1977) 430 U.S. 1, 37, 97 S.Ct. 926, 51 L.Ed.2d 124; *Cort v. Ash* (1975) 422 U.S. 668, 95 S.Ct. 2080, 45 L.Ed.2d 26. Section 17(a), which requires broker-dealers such as Weis to keep records and to make prescribed reports, is intended to protect customers rather than security holders of the broker-dealer. Investors in the securities of a broker-dealer are amply protected by other more germane provisions in the securities laws. Under the test enunciated by the Supreme Court in *Cort v. Ash, supra,* any implied right of action under 17(a) must be limited to those the section was designed to protect, the customers of broker-dealer firms.[2] The defendant's motion to dismiss the section 17(a) claim must therefore be granted.

Since plaintiffs have conceded that their claims under Section 18(a) of the 1934 Act are barred by the time limitations of that section, defendant's motion to dismiss the claims under Section 17(a) and 18(a) of the 1934 Act is granted.

### Aiding and Abetting

■ In addition to their allegations of primary violations under the securities laws by defendant, plaintiffs argue that the defendant is secondarily liable as an aider and abettor of the violations of Weis. In this Circuit, Section 10(b) and Rule 10b-5 may give rise to aiding and abetting liability. *Rolf v. Blyth, Eastman, Dillon & Co., supra,*

570 F.2d at 47; *Hirsh v. duPont* (2d Cir. 1977) 553 F.2d 750, 759. Three elements must be established in order to impose such liability. First, it must be shown that the primary party (Weis), as distinguished from the alleged aider and abettor (Touche Ross), violated the securities laws. Second, it must be established that the aider and abettor knew of the violation. Third, the aider and abettor must have rendered substantial assistance in effecting the violation. *Rolf v. Blyth, Eastman, Dillon & Co., supra,* 570 F.2d at 47–48.

■ As to the first element, the parties do not dispute that Weis engaged in violations of the securities laws. Knowledge of the violation, the second element, has been pleaded by the plaintiffs. Once again, the *Rolf* court indicates that the *scienter* element will be satisfied by a showing of recklessness. 570 F.2d at 47. We cannot say, as a matter of law, that plaintiffs would be unable to meet that standard at trial. Finally, the plaintiffs allege that defendant gave substantial assistance in effecting the primary securities laws violation. While it is not clear what sort of conduct is included within the term "substantial assistance", see 2 A. Bromberg, Securities Law § 8.5 (1974), plaintiffs' allegations are sufficient for purposes of this motion. Therefore plaintiffs' cause of action for aiding and abetting under Section 10(b) and Rule 10b-5 survives this motion to dismiss.

### Pendent Claims

Defendant makes two points in arguing for dismissal of the pendent claim of gross negligence. 1. This court lacks jurisdiction to hear a pendent state claim because plaintiffs have failed to state a claim under the federal securities laws. 2. Under New York law, negligence is not sufficient to support a cause of action against an accountant by one not in privity with the accountant.

■ Defendant's first point is disposed of by our finding that plaintiffs have stated a federal cause of action. After examining

---

**2.** Plaintiffs' claim under Section 15(c) suffers from a similar infirmity, and hence does not survive the motion to dismiss.

New York law, we hold that defendant's second point should also be rejected.

In the seminal case of *Ultramares Corp. v. Touche* (1931) 255 N.Y. 170, 174 N.E. 441, the New York Court of Appeals held that negligence would be insufficient to support an action against an accountant for misstatements in certified financial statements by one not in privity with the accountant. However, the Court did not require a strict showing of intent in order to state a claim.

In a later case, the Court of Appeals explained that "heedlessness and reckless disregard of consequence may take the place of deliberate intention." *State Street Trust Co. v. Ernst* (1938) 278 N.Y. 104, 112, 15 N.E.2d 416, 419. Since plaintiffs have alleged recklessness, they have successfully stated a claim against Touche under the rationale of *Ultramares* and *State Street.*

█ Since we find that the state claim arises from the same "common nucleus of operative facts" as the outstanding federal claims, there is pendent jurisdiction. *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed. 218.[3]

Defendant's motion is denied in part and granted in part.

SO ORDERED.

---

**3.** Defendant's motion to strike certain allegations of the complaint as "immaterial and scan- dalous" is without foundation and is therefore denied.